Great, thanks very much Mr. Kane and thank you counsel for joining us in the virtual courtroom. We're ready to call this case United States v. Walker. Ms. Hoffa, do you want to proceed please? Yes, thank you your honor. I'd like to reserve two minutes for rebuttal argument if I may. Your honor, the issue that we have to decide today, the court has to decide today, is whether attempted Hobbs Act robbery is a crime of violence under the elements clause of section 924c. The government has conceded the conspiracy to commit Hobbs Act robbery is not a crime of Hobbs Act robbery is not a crime of violence. In its September 19, 2019 filing, the government wrote, quote, it is true that the substantial step establishing an attempted Hobbs Act robbery might not itself involve force. Okay, let me explain. You know, we we've read the briefs, we read the we read the supplementals. Why don't you go ahead and wrestle with the Ninth Circuit's opinion in Dominguez and the Eleventh Circuit's in St. Hubert. They acknowledge, certainly Dominguez does, that the dissents in those cases say, hey, the substantial step doesn't have to involve violence or threatened use of violence. But they seem to emphasize strongly that the Hobbs Act itself cites an attempt as a violation and that common sense, as the Dominguez court put it, common sense tells you that if you're doing things that are going to cause, would amount to an attempt that that's got to be the same as an actual Hobbs Act violation. It's got to have the same effect on a categorical approach. What's what is wrong with the reasoning of the Seventh Circuit in Hill and the Eleventh Circuit in St. Hubert and the Ninth Circuit in Dominguez that all those circuits have got it wrong? Yes, they do have a wrong, Your Honor, because what they do is that they complete intent with attempt. They confuse those two here under the capital at the element itself. And the attempted Hobbs Act robbery only had two elements. One is the mens rea and one is the actus reus. The actus reus is just a substantial step. And that substantial step is what needs to be analyzed because it is the element, right, of the offense. And when you just look at that one element, that element, a substantial step necessarily involved use of force, attempted use of force, right, or threatened use of force. And it doesn't because there's substantial step in a case that is very typical. And it may be just driving their presence and then turning around. That's all understood. But that doesn't seem to me to come to grips with the argument that I understand the majorities are making those cases, it's clear as a bell to us what Congress was trying to do here. And Congress was trying to get at attempt acts. It couldn't have been clear that it wanted attempts to be criminalized as crimes of violence. It wanted that to happen. Now, if that's very clear, I mean, how can we adopt the position you're suggesting without stripping or rendering the words attempt meaningless in the statute? Well, you know, with regard to Congress's intent here, remember that the definition of crime of violence had two paragraphs. One was elements, and the Supreme Court said, that's okay, that can survive a categorical approach, but you have to look at the least, you know, substantial crime that could be committed there. The second was the residual. Your Honor, when you said Congress wanted to get to attempt that, yes, they did. They would have done it through the residual clause, which has now been stricken as being... Well, why do you say that? When they use the words expressly, they expressly say are violations of the act. I mean, what's the reason that tells you they must not have meant it to be an element? Maybe, why isn't it just as logical to say that an attempt is an element? Well, because the statute, the way the government is putting it and arguing for it, the statute only could have addressed that, but it would have had to have been written to punish those elements included, attempted use, threatened use, you know, actual use, or intended use of force. They could have said intended use of force when they drafted that in the elements clause, but they didn't. And so we have to read the elements. This is the language but it's there. Then the whole categorical approach sort of spring out of the Taylor case back from 1990. I mean, this grows out of the case, right? And Taylor says, we shall not read into the statute a definition so obviously ill-suited to its purpose. That's one of the lines out of Taylor. Isn't what you're suggesting to us that we read something, we read the statute in a way that's ill-suited to its purpose when Congress, by using the words attempt, is telling you we want attempt crimes to be treated as crimes of violence. We want that to happen. And is it necessary to make it a Hobbs Act attempt at a Hobbs Act robbery? It is necessary that there be an intent to use violence because otherwise it's just an attempted robbery. To have it be an attempted Hobbs Act robbery to differentiate it from just plain does not have to necessarily be that violent step. Yes, your honor. I totally agree with you there. I absolutely do agree with you there. But the intent has to be specific with regard to the use or attempted use of physical force. I'm sorry. The intent has to be that they're going to specifically commit Hobbs Act robbery. Yes. But that's intent, right? And that's not an actus reus. And so the elements clause is addressing the actus reus, both in element where there is an action taken because otherwise, your honor, if it's just intent, it is very much like conspiracy to commit Hobbs Act robbery, which where you have the same mental intent, right? And that was considered and conceded by the government not to be enough. There has to be an action taken that is going to involve. But the action taken does not necessarily have to be a violent step or a violent action, as long as there is proof that there was an intent to use violence if the robbery had been completed. In other words, if you go to a bank with a bunch of guns in your car, and the guns are allocated to the different members of the bank robbery team, I think that is an intent to use violence, even if the preliminary step is just driving to the bank. Correct, your honor. And you would be convicted of attempted robbery there or attempted bank robbery. One could be convicted of attempted Hobbs Act robbery with all the weapons in the backseat of the car. But my point and the distinction that I'm making is a very, very clear one. The language for attempted use of physical force is an example as an element where that substantial step would be that you took the gun and you pointed it and it jammed, or you took the gun and the police officer took it out of your hand, you raised your fist, but you threatened to commit that kind of physical violence, or you were stopped by, you attempted, but you didn't get through with it. Those are the substantial steps that do demonstrate a threatened use of physical force. But the substantial step that I am focused on is the one that your honor, Judge Wolf, mentioned, which is you drove to the bank, right? Or you drove to go rob that armored car. And that, that action, that substantial step itself does not involve any attempted physical force. Your intent does, your mens rea does, right? But that is not what the statute says. The statute does not include here at all the language that said for intended use of force. It is saying that you must be applying where the element includes the use, the attempted use, or the threatened use. And those are actus reus. Those are an action that is taken. And the action that I'm distinguishing everyone from is that action that doesn't involve any force or threatened use of force or attempted use of force. So your, your position depends upon your, your, your position and the position. I mean, it's, it's not an illogical position. You've got thoughtful dissents from a few circuits that take the position you're taking. But it depends on us accepting that what Congress meant to do here is to allow criminals who intended to and would have completed crimes of violence while in possession of a firearm. They, they are not going to get, they're not going to suffer the penalties of a Hobbs Act conviction because of the, the fortuitous or fortunate intervention of the as a crime of violence in your telling of it is the folks who got turned around just before they got to the bank. They're okay. The folks who got there and pulled the guns out of the car, they get the full brunt of the law. That's what you think Congress meant. What I am saying is, well, that's that. Is that what you think Congress meant? Remember, yes, I said Congress meant it, but they lost it when they lost the residual clause, your honor. And that's why when we're looking at intent, we're not looking, we can't look at Congress's intent with what they just met with the elements clause, because they drafted it as an element clause and also, your honor, they will be of Hobbs Act. It will be punished as a result of the substance of crime. The judge will not be convicted with a very serious consecutive mandatory sentence of 924C. And that is because- Right. Your suggestion is that Congress, even though you said attempt, it's in there, we want it in there, 924C, that what they really meant was, no. Well, I guess what your position is, is the Supreme Court of the United States means for us on that distinction, the distinction you've just drawn to say, you know what, if you got it out of the trunk, you're getting that 924C. But if they got you a millisecond before, you're good, it's all good. The Supreme Court of the United States intends for Congress's clear intent, to turn on that, right? Because that's what you have to be saying to us. Okay. And I run, may I respond or- Please, please. Okay. Congress may have intended more, right? But because of the categorical approach, because of what the Supreme Court has said here, that you can only do the categorical approach, and it requires a narrow reading of elements of the offense, elements of the offense. All right. That's why, Your Honor. Okay. We have your argument. We'll have you back on rebuttal. Thanks very much. And yeah, your timer was right on it. That was good. All right, Mr. Zausman. Thank you very much. Good morning, Your Honor. May it please the court, Robert Zausman, on behalf of the government. I think Judge Jordan's questions lead me to the answers that I want to give. This is not about the residual clause. The residual clause, of course, is invalid. And we rely on the elements clause. The words attempted use appear in the elements clause. That's what we're dealing with here. And what Ms. Hoffa, my friend, Ms. Hoffa's position would do. Can you hold just a second here? We have, and I'm going to ask both counsel to hold on here. I have a, I've just gotten an indication. I'm looking up. We've lost Judge Krause. Hi, Judge. This is Greg. Sorry for the interruption. Yeah, Judge Krause remains connected, but I think she just turned off her video for a moment. Okay, but I can't hear her. So, and I want to hear Judge Krause very much. Absolutely. It doesn't, you know, everything from my end appears that your sound and that your audio is on. So there's no muting that I can see. What you could try to do, which I think you've used before, we could either have you disconnect and reconnect, or you could use your phone in conjunction, which I believe you've done before, too. Do you want to, do you want to try to disconnect and reconnect, Judge Krause, see if that works? All of this, of course, is coming off of Mr. Zosmer's time. I think it's a good use of my time to get Judge Krause on the line. Okay. Yeah. And just, Ms. Hoffa, could you, would you mind just muting your screen here for a moment, too? I think that, that'll help me to hear Mr. Zosmer a little bit better, I think. Thank you. Thank you very much. I had real trouble hearing Ms. Hoffa. I'm hearing Mr. Zosmer very well. So I don't know if it's across the board that, could you hear Ms. Hoffa well? Yeah, I heard everything she was saying. There was a point or two where she faded out, but it was clear to me what she was saying. Because I had real problems understanding her. I think her connection was breaking up occasionally. The others sound good. Mr. Zosmer, you're coming through loud and clear. All right, we do have Judge Krause connecting, just waiting for the video and audio to start. And I do want to assure Ms. Hoffa that the substance of her argument came through loud and clear, and it was certainly consistent with the submission that she provided. Yeah, yeah, absolutely. I understood what Ms. Hoffa was saying. I just had problems from time to time with the words. Okay. How are we doing, Mr. McCain? Sorry, Judge. I just wanted to let you know I asked Lisa from IT to contact Judge Krause as well. So again, it does show that she's connected, but we're just waiting for the sound and the picture. If that continues to be a problem, is it possible to have her picture but have her using her phone to call in? Yes, she's actually done that before. So that is the possibility as well, that she could use the phone for audio. All right. All right, so it looks like Judge Krause did leave the Zoom call again. So here we go. Hello? All right, Judge Krause, we do have your audio. Just waiting for your picture. Okay. I am going to...  There we go. Is that better? Yeah, it's nice. Okay. It's great to have you there. All right.  I'm on a different device now, so... We're working. Okay. Well, good. Then let's go ahead and take Mr. Zosmer from the top, his full 15 minutes. All right, Mr. Zosmer, please proceed. Thank you very much, Your Honor. So to start again, this is not about the residual clause. This is about the elements clause, because the words attempted use appear in the elements clause. It's unambiguous that Congress meant that when someone commits an attempted violent crime and brings a gun with them, there should be an additional penalty being the mandatory consecutive penalty of 924C. And of course, we never look at the facts. That's not what this categorical approach is about. But certainly, we can observe that this case involving Marcus Walker is a clear illustration of what it is. It's actually the typical illustration of what this is all aimed at. Well, I understand the point you're making, because I think I was trying to press Ms. Hoff on exactly that line of argument. But engage with her and us, if you would, the logic of those dissents, of Judge Jill Pryor's dissent in the 11th and Dominguez where they say, and they don't say it in this many words, but I will, look, the categorical approach leads to some bizarre results in cases. You look at it and you go, how can this possibly be a sensible outcome here? And yet, that's where the categorical approach takes you. And Davis reemphasizes it. Davis calls it, and Davis is what puts us back here. Judge Roth, not to butter up, I thought she wrote a great opinion in Robinson, and everybody on this call agrees, Robinson is not good law after Davis. It's just not. So it looks like the Supreme Court is saying, in effect, well, this may be nuts, but we want you to march down this logical path. And if you march down this logical path, guess what? It's conceivable that you could get convicted of something that doesn't involve any actual or threatened use of violence here. There's nothing, I think about a crime, I put a gun in the back of my car, I get five minutes from my house and the car breaks down. I took a substantial step, but so what? Nothing I ever did involved the use of violence. Why isn't the logic of Davis and what Ms. Hoffa is pressing on us right now, why isn't that consistent with the categorical approach and causes us to say, well, we don't like it, but that's what they're telling us to do. So there are two answers, Your Honor. One is focused on the exact statements of these dissents. The other is looking at the application of the categorical approach more broadly, starting with the reference to Taylor that Your Honor made. So first, with regard to what these dissents are saying, they're saying that if you take a gun with you, but your substantial step is not itself violent, then you have intended to commit each of the elements of the offense, but what you have not done is actually attempted to use violence. That is simply cutting all of this too finely. With the majorities, because- That's exactly the point. Why is it cutting it too finely? Why isn't there a lot of force in the assertion that intent is not the use of violence? Intent just isn't the use of violence. Because what the majority say, and we're now up to four circuits, by the way, I'd like to mention the Fifth Circuit decision this year in a case called Smith, which involved attempted murder and held that it's the same thing. Any attempt, any attempted crime that's completed is an attempted use for purposes of the elements clause. And the reasoning is that we just look at this in terms of common sense, that when someone intends to commit each element of an offense, when someone then takes a substantial step towards committing that offense, and thus, in the eyes of the law, has committed an attempt, that in full is the attempted use of force. That is something that if everything happened that the person intended to do and took a step towards doing, took place, it would be the use of violence. And as a matter of- Mr. Bowser, that would require that answer, it would apply just as well to conspiracy. So why isn't the government's concession that conspiracy to commit Hobbs Act robbery is not a crime of violence, which I take it the government's making here, as it has in a number of other cases. Why isn't that dispositive? Because the intent to ultimately commit the offense, to complete it, would seem to be the same in both. Am I wrong about that? Well, there's a big difference. And the big difference is the substantial step. A conspiracy offense is only an agreement. And the government and the courts have recognized that agreeing to commit an offense does not involve necessarily the use of violence. Whereas when you've committed an attempt and taken a substantial step towards committing a violent crime, that is different. And what tells us it's different is the language of the Elements Clause itself. The Elements Clause says attempted use, which has to mean the normal interpretation of attempt. The Elements Clause does not say conspire or agree, and therefore we've made our concession. But if we're saying that attempt is a crime of violence because we're focusing on the intent piece of that, and I thought your argument was the fact that the substantial step is not, does not itself involve force, is irrelevant because that's just shoring up the intention to follow through and actually commit the offense that for some reason is not completed. Why isn't that just as true with overt acts when it comes to conspiracy? I am not focused only on intent. I am addressing the dissenting opinions that focus on it. We just lost Mr. Zosmer. Can you hear me now? Do I still have everybody else? I can hear you, Kent. I can also hear Mr. Zosmer. I can hear everybody. I can hear everybody. Yeah, it looks, this is Greg again. Apologies for the interruption. It looks like Judge Stewart may have frozen a little bit. I always thought he was an icy type. Okay, let's see what happens here. He may need to disconnect and reconnect. Judge, if you can hear me, it does look like you're frozen from your end. Okay. Yeah, he's going to disconnect. I must say this is the first Zoom argument where I've had any technical problems. It's all worked smoothly till now, so apologies to both counsel.   Okay. I will be glad when this pandemic is over. The understatement of the year. All right, here's Judge Jordan. Let's bring him in. Okay, Judge, looks like you're reconnected by audio. We're just waiting for the video to pop up. There we go. Yeah, well, we're getting snake bit by the Zoom gremlins this morning. It cut out for me, just as Mr. Zosmer said, listen very carefully. No, that was not the line. It does remind me of the cone of silence in the old Get Smart Pick series, though. All right. I apologize. Judge Krause was asking why this isn't different from, you know, how is this different from conspiracy where you've got to have an overt act? And then the internet kicked me off, or a vote by the people in the audience voted me off the where you were describing why there's a meaningful difference between an overt act and a substantial step. So that in one instance, you acknowledge that there is no, there's no categorical possibility of conviction and the other you think there is. And so what this all comes down to, Your Honor, is the explicit statement of Congress in the Elements Clause, including attempt offenses. There is a difference. The law has recognized the difference between conspiracy and attempt. There may be a substantial step, may be a more significant step towards the exact crime, as opposed to the simple overt act that confirms that people are not just talking to each other. But that really is not the material point here. The material point is that Congress in the Elements Clause said the attempted use of force qualifies when you bring a gun and thus you've committed a 924c offense. And I want to get to my, I think my most important point, and it rests on Taylor and cases that have come after Taylor, which is that the Supreme Court, even while it has given us this categorical approach, which as the Court recognizes, creates some unbelievably odd results. Even as it has done that, the Supreme Court has said over and over that the categorical approach should not be applied in a way that just eliminates entire categories of crime that Congress obviously meant to include. If we accepted Ms. Hoffa's argument, it's not that it entirely eliminates all attempt crimes. It would eliminate those crimes where the substantial step does not itself involve the use or threatened use of force. This is a very important point, and let me respectfully disagree. This is a categorical approach. We would not be permitted to look at the facts of the case. We couldn't say, oh, let's limit this only to cases in which the substantial step was violent. What the categorical approach tells us is that if there is any instance in which the crime may not involve the use of force, then categorically, no such crime qualifies. And so let's make no mistake. If Ms. Hoffa's argument is correct, it eliminates every attempt offense from the application of Section 924c because the argument that's being made is that an attempt can only be the intent along with a nonviolent substantial step. If that's true, and if that's eliminated by the categorical approach, that eliminates every attempt offense. That eliminates the attempted murder in Smith and any other attempt offense you can contemplate. But then if we're going to set aside the substantial step and say, because we're in the categorical approach world, we can't consider what that substantial step was one way or the other. We're looking at intent and saying that, per se, the intent to commit Hobbs Act robbery equates with the attempt to use force. And how do we make, as the dissents put it, in the Ninth and Seventh Circuits, that leap of logic? I think what I've relegated it to is the common sense that's described in St. Hubert and in Dominguez and in the majority opinions, which is that when Congress says attempted use, it must mean that you have committed an attempt towards committing a violent crime and therefore you've attempted to commit a violent crime. And that when you bring a gun or possess it or use it or carry it, you've committed that crime. I'm not relegating anything. I'm simply using the explicit language of Congress. It meant to put in attempt. Ms. Hoffa says, well, an attempted use can only be you point the gun and it misfires or you throw a punch and you miss. And I can tell you if that's the qualification, if that's what attempted use means, there is no attempt statute in this land that is that narrow. Mr. Zausmer, do you have to prove the intent? Do you have to prove more than just that the gun was in the trunk of the car? Do you have to be able to prove that there was an intention to use that gun as a part of the robbery to carry it into where the robbery was going to take place? Yes, definitely. You have to show that it was possessed at furtherance, which this court has defined as having a connection and a purposeful use. Or you have to show use or carry. So absolutely, the 924C is not an empty vessel. The government has a burden to prove beyond a reasonable doubt a connection between that gun and the attempted offense, as we did here, where they, you know, accosted this boy at gunpoint thinking they were robbing his father. So yes, you always have to show that. We have to prove the crime. But categorically, what we are trying to establish is that attempted Hobsack robbery by itself, like any other attempted offense, attempt to commit a crime of violence, is itself categorically a crime of violence. If this court cannot say that, if this court does not, you know, well, first of all, we have to first say that Hobsack robbery is a crime of violence. We've been waiting on that decision, as your honors are aware. But assuming that Hobsack robbery is a crime of violence, as is murder, as is bank robbery, as is any of these other offenses, it's categorically a crime of violence. And so is an attempt to commit any crime of violence, as Congress has explicitly told us in the Elements Clause. We're not done at that point. Once we've established categorically that we can premise a 924C charge on Hobsack robbery or attempted Hobsack robbery, but we still have to prove the 924C charge. We still have to prove that there was a gun there, that it was used or carried during and in relation, or that it was possessed in furtherance. There's no doubt about that. Again, it seems that you keep going back to the term attempt, but we accept that we have in front of us the argument that it's attempted Hobsack robbery that equates with, you know, attempted use of force. But as we try to home in on that, you keep stepping away when we try to focus on the issue of intent, because the attempted Hobsack robbery in a categorical approach has these two elements, the intent and substantial step. You've told us substantial step does not need itself to involve the use of force. So we're left with intent. But if intent, you know, to commit Hobsack robbery is enough to make it a crime of violence, why wouldn't the same be true for conspiracy under the elements clause? And has the government really given that away? I mean, Davis only involved a challenge on the residual clause side. Again, Your Honor, I don't believe it's appropriate to strip attempt apart into its that attempted crime of violence is a crime purposes of the elements clause. Had Congress conspiracy to commit a crime of violence is a crime of violence, that would be perfectly valid. In fact, as an example of that, Your Honor, that's what the sentencing guidelines say. When you look, they have an elements clause in section 41.2, which involves a career offender guideline. And it says that a crime of violence is a crime of violence. Congress could say the same thing, and maybe they will one day with respect to 924C, but they didn't. But what we have here is that because Congress did explicitly say that attempt to commit a crime of violence is a crime of violence. And therefore, it's not a productive use to then break down attempt into its components, to try to come up with an argument that comes up with facts based that an attempt might not self be violent. What that does is what the Supreme Court in Taylor, in Quarles, in Stokelyn says we should not be doing, which is to the point that it rejects whole categories of crimes that Congress clearly mentioned. Categorical approach. It tells us that for the crime of any attempt, we have to look at the intent to commit the offense and the substantial step. And if we have to look at intent and basically reason that the intent to commit the offense involves the intent to commit each element and therefore the attempt to commit each element, why wouldn't that same reasoning apply to conspiracy where there's also the intent to commit the offense? Your Honor, again, all I can say is that we're applying the elements clause. The elements clause does not say break it down to the intent, break it down to the substantial step. It says an attempted use. It says an attempted crime of violence. Had it said as well, conspiracy to commit a set of cases. Conspiracy are different. There's no question about that. That's historically always been true. And so again, I just don't think it's appropriate to start stripping down the attempt. And then it's especially inappropriate when the result is you've eliminated every attempt. I mean, that's the Quarles case from last year involved burglary. And the Supreme Court said, based on the defense argument there, we're not going to interpret the generic crime of burglary in a way that will eliminate every burglary in the United States. We're having a little bit of trouble. It's the same thing here. You're fading in and out on us, but I think we've got your argument. And even with the break we had to take, we're at 15 minutes with you. But Judge Krause, if there's a follow-up or Judge Roth that you want, please go ahead. Yeah. Employing the categorical approach, can we look into the facts of intent? Doesn't the categorical approach prevent us from looking at the particular facts of a particular offense? And to determine if there was a necessary intent, we have to look at the facts. Definitely. We cannot look at the facts. We cannot look at a particular case as to whether there was intent. We can't look at a particular case to say whether the substantial step was violent or not. This comes down to a simple question of, is any attempt to commit a crime of violence categorically a crime of violence? If you say no, because there may be times that the intent or substantial step is not violent, you have eliminated every attempt offense as a 924c predicate. I think it's as simple as that, unfortunately. Judge Jordan, I have just three quick issues. First, can we confirm the government here is conceding that conspiracy to commit Hobbs Act robbery is not a crime of violence? Yes, we do concede that. Okay. And is there any significance we should attach to the fact that 1951 itself in defining Hobbs Act robbery includes attempt and conspiracy? I don't believe so. I think the government, I mean, certainly you have to have the attempt predicate. So the attempted use part of the elements clause will only come into play if the underlying statute can be committed by attempt. So it's significant for that reason that there is such a crime as attempted Hobbs Act robbery. And we're saying that it's categorically a crime of violence because of the wording of the elements clause. The fact that there are conspiracy offenses out there don't help us because the elements clause was not defined to be a crime of violence. I'm just wondering if we were to adopt it, that in doing an analysis for a categorical match, that you'd have to look at both the elements of attempt and the elements of an underlying offense? Yes. I mean, certainly Hobbs Act robbery itself has to be a crime of violence for my argument to then proceed to say that attempted Hobbs Act robbery is a crime of violence. That's the issue. Now there are 10 circuits that have held that Hobbs Act robbery is a crime of violence. We're waiting on this court. I hope that that will be in our favor on that. But certainly all this depends on that. That has to be a crime of violence for an attempt to commit it. But more broadly, because the consequences of this could range to also the categorical approach that's applied to attempts to commit state offenses. And in that situation is the government's as here where there's not going to be a difference, for example, between federal and state attempt, but that you'd need to look at both the state and federal attempt elements, as well as underlying elements, as you envision the categorical approach applied to attempted offenses. So a little more complicated answer there with respect to 924 C, that will never deal with a state offense. That is only in relation to a federal offense. For the Armed Criminal Act and the career offender guideline, yes, the same thing will apply. The only way in which there might be a different result with a particular state is if a state defined attempt in some bizarre way that's different from the generic definition of attempt. I don't know of any state like that. Probably a conclusion that attempted crime of violence is a crime of violence would apply to state law as well. It's certainly not a problem with regard to the career offender guideline because it explicitly refers to attempt. This certainly would be a significant issue for the Armed Career Criminal Act. And that's, I believe, the context in which the Smith case came up in the Fifth Circuit. But for the Armed Career Criminal Act, there will be many attempt predicates that involve violent acts. And the decision in this case will obviously be a very significant import with regard to that as well. Thank you. All right. Thank you, Mr. Zosmer. Ms. Hoffa, if you'll take yourself off of mute. You have two minutes. And can I ask you to address right at the jump Mr. Zosmer's point that your logic read attempt out of the elements clause entirely because by your logic, no attempt crime could ever be a crime of violence. Well, Your Honor, I'm not ready to address every federal offense here. I am focused on this statute because that's what Davis says. Look at the statute. Look at the language of the statute. Well, when you say I'm not prepared to, I'm asking to. He's made a logical argument. You don't have to prepare against every statute. He's made a logical argument, which is the logic of your argument is because it's conceivable that you could have a substantial step that doesn't involve violence. Therefore, categorically, you cannot say that attempt use of force is a crime of violence under the elements clause. That's your argument. And he's saying, if that's true, you've just read attempted use out of the statute. What's your response to that? Oh, with regard to 924C, which involves federal offenses which I'm more comfortable with rather than state law, I do think that they're all going to be challenged here. I think what was required is that Congress has to go back and they have to amend the statute. How could they amend it any more clearly than they've said attempted use in the elements clause? What would you have them say? I would have them say... Attempted use and we really mean it. No, no, not at all, Your Honor. I think the statute could have been written to punish crimes whose elements include attempted use, threatened use, or intended use of force. They could have included that language of intended use. And also logically with regard to the other argument that the government has here, which is basically that the defendant attempted to commit a crime that if completed would have been violent, then that's sufficient to meet the elements clause. Well, then again, the statute could have been written to include as a predicate crime of would have as an element to use attempted use. If you agree that you had the statute said intended use of force, then attempt would be attempted robbery would be a crime of violence. Why aren't we just right back to the definition of attempt categorically, where it is intent to commit the offense, meaning the intent to commit each element of the offense? I mean, why didn't you just wrote attempted use of force, having in mind the way the federal courts approach defining attempt and doing that attempt elements analysis? No, because the exact language here, as I said before, Israel's language, they are talking about attempted use of force. And the attempt is talking that an element has to involve this kind of action and not any kind of intention. Okay. And just like conspiracy that the government agrees is not going to be a crime of violence because it's an incohate crime. It is just in your mind that you haven't used any force or threatened that force or taken an action to show your attempted use of that force. Why? Conspiracy focuses on the on the agreement and existence of agreement, whereas the attempt is focused on the commission of the substantive offense itself. I think that the two are the same, Your Honor, I think that the conspiracy intent have the same intent requirement and the result should not be different here, because one requires an overt act, and one requires a substantial act, and neither the overt act nor the substantial act necessarily involves force as conceded by the government in their briefings and in their arguments. But doesn't that take us back to what would essentially be a case specific as opposed to a categorical analysis? I mean, an attempted crime of violence simply means that the efforts to complete the crime were not successful. But should the serendipity of whether the crime was ultimately completed or not be what drives whether the crime itself is considered a crime of violence? It's not the serendipity as to whether it was completed or not. It is really just looking at the categorical approach to see what actually in the least, you know, culpable situation could be involved here. And that least culpable situation will be one where there isn't any force or threatened use of force, even literally any steps taken that were involving the actual use of force. I'm just looking at the language, Your Honor. And when we read that in the way that Davis makes it very, very clear that it's not immediate, it is the result, and whether Mr. Zell is happy with this result, and they think that this is a foolish result, then ask Congress to go back and amend the definition of the crime of violence. But right now, the residual clause is out, and we have a narrow elements clause, a narrow elements clause. And when we apply that with the categorical approach, we prevail. Ms. Hoffa and Judge George, as I didn't get to ask a few questions that I had in our opening, if you would indulge me just another minute, can you confirm for us that you are conceding that Hobbs Act robbery itself constitutes a crime of violence? No, I'm not conceding that at all, Your Honor, at all. I think with regard to the position taken by the defense in the Cope's argument, robbery involves the unlawful taking of personal property, which can include intangible property, and by means of fear of injury. And as we know, intangible property could be a brand, it could be a reputation for a company, and you cannot use physical force against a brand or against reputation or against goodwill. And so it doesn't, in all situations, and that's the categorical approach, there could be a conviction for Hobbs Act robbery that does not involve physical force. But 924C itself is forced against a person or property, right? Yes, yes, but you were asking about substantive Hobbs Act robbery, whether or not that's a crime of violence, substantively, at 924C, and that was my answer to that question. We would then be the only circuit, right? Every other circuit at this point has concluded that Hobbs Act robbery is a crime of violence. I do understand that, Your Honor. And finally, we're reviewing here for plain error, right? Yes, Your Honor, you are. And so if five circuits at this point, by my count, have already concluded that the attempt to commit a crime of violence is itself a crime of violence, how could we conclude that any error on the part of this court here was plain? Well, with regard to attempted Hobbs Act robbery, it's three circuits, the fifth, the seventh, and the eleventh. But, Your Honor, I think that this is a very plain error, that it's clear, and that it's prejudicial. And the reason why it's plain is that it's simply looking at a reading of the plain text of the statute. And I do know the court has found error to be plain before, even where there have been other courts going the opposite way. So we argue that it is plain, just a fair and accurate reading of the Holden's Clause under the categorical approach as directed by the Davis decision. Okay, thank you. Hey, we thank both counsels for your argument. It's been helpful to us. Thanks, Ms. Hoffa, for representing Mr. Walker. Thank you, Mr. Zosman, for your arguments today. We'll go ahead and take the case under advisement.